Case 4:16-cv-00436-A Document 4 Filed 06/09/16 Page 1 of 3 PageID 24

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN - 9 2016

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ARTHUR RAY LUNA, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-436-A |
| | § | (NO. 4:12-CR-045-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

This is a late-filed motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. Movant, Arthur Ray Luna, was sentenced on a plea of guilty to the offense of conspiracy to distribute and possess with intent to distribute a controlled substance, and was sentenced in August 2012 based on his conviction resulting from that plea of guilty. Luna seeks to avoid the one-year limitations bar created by 28 U.S.C. § 2255(f) by claiming applicability to his case of the holding of the Supreme Court in Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015).

Movant is mistaken; Johnson has no relevance to his case. His base offense level was determined by the quantity of the drugs that were involved in the drug conspiracy for which he was convicted. He received a two-level increase pursuant to the

authority of USSG §2D1.1(b)(1) because a dangerous weapon was possessed as part of the criminal drug-trafficking conduct, and he received another two-level increase pursuant to USSG §2D1.1(b)(5) because of the importation of the methamphetamine involved in the conspiracy. Those factors, when reduced by three levels based on acceptance of responsibility, led to a total offense level of 35. That offense level combined with movant's criminal history category of III led to a guideline imprisonment range of 210 to 262 months. Movant received a sentence of imprisonment of 240 months.

As the court so often is seeing since the Johnson decision, certain of the allegations in movant's motion and virtually everything said in his Memorandum of Supporting Facts are nonsense. There is nothing in the record of movant's criminal action that would remotely suggest that movant received any kind of sentencing enhancement that would be based on a constitutionally vague statutory provision.

Therefore,

The court ORDERS that all relief movant sought by the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody he filed on June 8, 2016, be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED June 9, 2016.

_____
JOHN McBRYDE
United States District Judge